

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1042-18

---

**RUBEN LEE ALLEN, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S AND STATE'S PETITIONS FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

---

YEARY, J., filed a concurring opinion.

### CONCURRING OPINION

I agree with the Court's resolution of Appellant's petition for discretionary review in this cause, for the reasons the Court gives: This case is about the recoupment of actually (and already) expended court costs, and is therefore not implicated by our recent spate of cases involving the validity of what are essentially anticipatory court costs. *See Peraza v. State*, 467 S.W.3d 508, 517 (Tex. Crim. App. 2015) ("We hold that, if the statute under which the court costs are assessed (or an interconnected statute) provides for an allocation of such court costs *to be expended* for legitimate criminal justice purposes, then the statute allows for a

constitutional application that will not render the courts tax gatherers in violation of the separation of powers clause.") (emphasis added); *Salinas v. State*, 523 S.W.3d 103, 107 (Tex. Crim. App. 2017) (quoting *Peraza*). I therefore readily join that part of the Court's opinion that affirms the court of appeals' opinion notwithstanding the arguments Appellant has brought to bear in his petition for discretionary review.

I am somewhat less sanguine, however, about joining the Court in improvidently granting the State's cross-petition for discretionary review. The State's brief has convinced me that we should indeed revisit the doctrinal basis for our conclusion in *Peraza* that anticipatory-court-cost provisions implicate our state constitutional separation of powers clause. On further reflection, I am not at all convinced that the case that supposedly set the ball rolling in this regard—*Ex parte Carson*, 143 Tex. Cr. R. 498, 159 S.W.2d 126 (1942)—even purported to address Article II, Section 1 of the Texas Constitution. TEX. CONST. art. II, § 1. When the proper case comes along (and we have a number of cases that have been pending in the Court awaiting the resolution of this case that could fit the bill), the Court would do well to grant the State's petition for discretionary review in *that* case so that we may tackle the State's substantial argument. If the Court does not, I shall surely dissent to its failure to do so at that time.

For now, I am content to join the Court's opinion in full, though it declares the State's petition for discretionary review to have been granted improvidently—at least in *this* case. Because here the State has prevailed without the necessity of our addressing the need to

overrule precedent, it is not an ideal case to contemplate a departure from *stare decisis*. For

this reason, I am able to join the Court's present opinion in full.


FILED:          November 20, 2019
PUBLISH